**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VERONICA A. WILLIAMS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**LITTON LOAN SERVICING et al.,**<br><br>**Defendants.** | **Civil Action No. 16-5301 (ES) (JAD)**<br><br>**ORDER** |

**SALAS, DISTRICT JUDGE**

Pending before the Court are several motions and matters requiring the Court's attention;

and the Court having reviewed the parties' submissions in support of and in opposition to each motion;

and it appearing that *pro se* Plaintiff has moved for default judgment against Defendants (D.E. No. 18);

and it appearing that, prior to Plaintiff's submission of her default-judgment motion, Defendants timely moved to dismiss Plaintiff's Complaint (D.E. No. 15);

and it appearing that Defendants opposed Plaintiff's motion for default judgment, arguing primarily that entry of default is inappropriate in light of Defendants' timely motion to dismiss (*see* D.E. No. 20);

and it appearing that, under Federal Rule of Civil Procedure 55, entry of default is applicable only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise," Fed. R. Civ. P.

55(a); *see also Surgick v. Cirella*, No. 09-3807, 2010 WL 2539418, at *7 (D.N.J. June 15, 2010) (denying motion for default judgment where parties timely responded to the complaint);

and it appearing that, in view of the foregoing, entry of default is not appropriate here;

and it appearing that Plaintiff has also moved for an injunction to stay Defendant HSBC Bank USA, N.A., Freemont Home Loan Trust 2006-C Mortgage-Backed Certificates, Series 2006-C's ("HSBC") foreclosure proceeding in the Superior Court of New Jersey, Essex County, Docket No. F-000839-13 ("State Foreclosure Action") (D.E. No. 44);

and it appearing that the Court entered a Text Order directing Defendants to submit opposition to Plaintiff's motion by May 19, 2017, and permitting Plaintiff to file a reply brief by May 23, 2017 (*see* D.E. No. 48);

and it appearing that Defendants opposed Plaintiff's motion on the grounds that (i) 28 U.S.C. § 2283 (the "Anti-Injunction Act") expressly bars Plaintiff's request; and (ii) Plaintiff failed to establish the required elements for obtaining injunctive relief (*see generally* D.E. No. 49, ("Def. Opp. Br."));

and it appearing that Plaintiff submitted a reply brief in further support of her motion (D.E. No. 51, ("Pl. Rep. Br."));

and it appearing that HSBC filed the State Foreclosure Action against Plaintiff on January 9, 2013 (*see* D.E. No. 49-1, ("Seiden Cert."), Ex. B);

and it appearing that final judgment in the State Foreclosure Action was entered against Plaintiff on October 27, 2014 (*see id.*);

and it appearing that Plaintiff's motion seeks "a stay to prevent her removal and the seizure of property at 541 Scotland Road in South Orange, NJ that was foreclosed upon illegally," (D.E. No. 44);

2

and it appearing that, under the Anti-Injunction Act, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments," 28 U.S.C. § 2283; *see also Bono v. O'Connor*, No. 15-6326, 2016 WL 2981475, at *11 n.13 (D.N.J. May 23, 2016) ("[I]f the federal court were to find that the defendant banks improperly instituted a state foreclosure action, it would also effectively constitute an injunction enjoining the state court from ordering a foreclosure sale, which is prohibited by the Anti-Injunction Act.") (alteration, internal citation, and internal quotation marks omitted);

and it appearing that Plaintiff has not identified any issues with respect to this Court's jurisdiction or enforcement of its judgments, nor has Plaintiff identified an Act of Congress that expressly authorizes the type of injunction Plaintiff seeks, (*see generally* D.E. No. 44 & Pl. Rep. Br.);

and it appearing that Plaintiff's motion appears to be prohibited under the Anti-Injunction Act;

and it appearing that Plaintiff has also filed a document on May 11, 2017, titled "Amended Complaint against State of New Jersey" (D.E. No. 45);

and it appearing that Defendants filed a letter brief on June 2, 2017, asking this Court to "strike the Amended Complaint improperly filed by Plaintiff on May 15, 2017," (D.E. No. 52);

and it appearing that Plaintiff filed affidavits of service purporting to show that Plaintiff's Amended Complaint was served on each Defendant (*see* D.E. Nos. 53 & 54);

and it appearing that, under Federal Rule of Civil Procedure 15(a), Plaintiff may amend her Complaint "only with [Defendants'] written consent or the court's leave";

3

and it appearing that Defendants have not consented to Plaintiff's amendment (*see* D.E. No. 52), nor has the Court granted Plaintiff leave to amend her Complaint;

and in light of the foregoing and for other good cause shown;

**IT IS** on this 19th day of June 2017,

**ORDERED** that Plaintiff's motion for default judgment (D.E. No. 18) is DENIED; and it is further

**ORDERED** that Plaintiff's motion for an interlocutory injunction (D.E. No. 44) is DENIED; and it is further

**ORDERED** that Plaintiff's May 11, 2017 filing, titled "Amended Complaint against State of New Jersey," is stricken; and it is further

**ORDERED** that, to the extent Plaintiff wishes to amend her Complaint, she must either obtain Defendants' consent or seek leave of Court; and it is further

**ORDERED** that the Clerk of the Court shall terminate docket entries 18 and 44.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**